UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DWAYNE FURLOW, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:16-CV-254 (CEJ) |
| ) | |
| JON BELMAR, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion to inspect juvenile records pursuant to Missouri Revised Statute § 210.150.[1] Defendants have responded in opposition, and the issues are fully briefed.

In the amended complaint, plaintiff Ralph Torres alleges that in 2014 or 2015 he "faced investigation by the Division of Child Protective Services for alleged sexual misconduct involving his two minor children." *Amd. Complaint* ¶85 [Doc. # 14]. The juvenile records sought by the plaintiffs pertain to a forensic interview of one of Torres' children, identified as S.T., that was conducted by the Missouri Department of Social Services (DSS). Torres alleges that although the sexual misconduct allegations were unsubstantiated, he was unlawfully arrested by St. Louis County police officer defendant Laura Clements. In her deposition, Clements testified that she believed that she had probable cause for the arrest after viewing the recording of the S.T. interview. According to DSS, the recording of the interview is in the possession of The Child Center, Inc. in Wentzville, Missouri.

---

[1] The parties also refer to Missouri Revised Statute § 211.321. This statute pertains to records of juvenile court proceedings and other "information obtained and social records prepared" for use in juvenile court and does not appear to be applicable here. Mo. Rev. Stat. § 211.321.1.

Plaintiffs argue that the requested records are pertinent to the 42 U.S.C. § 1983 claims asserted in this action. Plaintiffs further argue that a statutory exception to Missouri's confidentiality rules, covering reporting of the abuse of juveniles, allows for the disclosure of these records. Defendants argue that plaintiffs have not overcome the strong interest in protecting the confidentiality of records in child abuse cases.

Section 210.150 provides that "[t]he children's division shall ensure the confidentiality of all reports and records" made in response to reports of child abuse or neglect and maintained by any division office or affiliated institution.[2] Mo. Rev. Stat. §§ 210.150, 210.109.2. Subsection 2 of the statute identifies categories of persons authorized to have access to investigative records, including:

> Any alleged perpetrator named in the report, but the names of reporters shall not be furnished to persons in this category. Prior to the release of any identifying information, the division shall determine if the release of such identifying information may place a person's life or safety in danger. If the division makes the determination that a person's life or safety may be in danger, the identifying information shall not be released. However, the investigation reports will not be released to any alleged perpetrator with pending criminal charges arising out of the facts and circumstances named in the investigation records until an indictment is returned or an information filed [.]

Mo. Rev. Stat. § 210.150.2(5).

Therefore, the statute authorizes plaintiff Torres to have access to the records at issue. The defendants do not contend that providing the records (1) would endanger a person or (2) that any criminal charges are pending against Torres. § 210.150.2(5). Moreover, "there is no apparent basis under federal law to allow defendant[s] to withhold" the records. *Jiang v. Porter*, No. 4:15-CV-1008 (CEJ),

---
[2] The specific agency in this matter is the Children's Division of the St. Charles County Department of Social Services. *See* [Doc. #37 at 1].

2

2016 WL 3015163, at *4 (E.D. Mo. May 26, 2016) (citing *Farley v. Farley*, 952 F. Supp. 1232, 1242 (M.D. Tenn. 1997) ("[T]he statutory and administrative scheme under Tennessee law ensuring only limited disclosure of child abuse files must yield to a supervening interest in their production and use in federal civil rights actions.")); *c.f. State ex rel. Dep't of Soc. Servs. v. Tucker*, 413 S.W.3d 646 (Mo. 2013) (denying a request for the identity of reporting individuals because no exception to the rule of confidentiality provided by section 210.510 applied); *Young v. Pitts*, 335 S.W.3d 47, 55–56 (Mo. Ct. App. 2011) (holding that a parent was entitled to any investigative records under a section 210.510 exception); *Pitts v. Williams*, 315 S.W.3d 755, 765 (Mo. Ct. App. 2010) (holding that "[p]ursuant to section 210.510.2(5), the investigative records contemplated by that statute are accessible by an alleged perpetrator, subject to redaction as contemplated by the statute and subject to the Children's Division's determination that the release of the records will not endanger a person's life or safety, unless the alleged perpetrator has been charged with a felony").

The Court must recognize the countervailing interests of the privacy and protection of the reporters. *See State v. Davison*, 884 S.W.2d 701, 703 (Mo. Ct. App. 1994) (the state has a "compelling interest in protecting its child abuse information.") Further, Mo. Rev. Stat. § 510.035 provides guidelines for disclosure of any visual or aural recordings of a minor alleged to be a victim of an abuse offense. Specifically, the statute provides that any court order for copying or distribution of such recordings must:

> (1) Be limited solely to the use of the recordings or photographs for the purposes of a pending court proceeding or in preparation for a pending court proceeding;

3

> (2) Prohibit further copying, reproduction, or distribution of the recordings or photographs; and
>
> (3) Require, upon the final disposition of the case, the return of all copies to the health care provider, child assessment center or multidisciplinary team member that originally had possession of the recordings or photographs, or provide an affidavit to the health care provider, child assessment center or multidisciplinary team member that originally had possession of the recordings or photographs certifying that all copies have been destroyed.

Mo. Rev. Stat. § 510.035.3.

The protections set forth in the statute will assist in balancing the considerable privacy issues arising from these records with the interests of plaintiffs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to inspect the video recording(s) of S.T.'s forensic interview [Doc. #34] is **granted**.

**IT IS FURTHER ORDERED** that within **ten (10) days** of the date of this order, The Child Center, Inc. shall provide a copy of the DVD of the November 26, 2014, forensic interview of S.T., in addition to other investigative records regarding the allegations of sexual misconduct by plaintiff Ralph Torres.

**IT IS FURTHER ORDERED** that to protect the privacy of all reporters, all names and personal identifying information in the records or reports shall be redacted in advance of disclosure to plaintiffs.

**IT IS FURTHER ORDERED** that the DVD and all other records provided by the Child Center, Inc. shall be limited to use in this action.

**IT IS FURTHER ORDERED** that the viewing or use of the DVD and all other records provided by the Child Center, Inc. shall be restricted to counsel for the parties and plaintiff Ralph Torres.

**IT IS FURTHER ORDERED** that the copying, reproduction, or distribution of the DVD or other records provided by The Child Center is prohibited.

**IT IS FURTHER ORDERED** that upon the final disposition of this case, the recording and all other records be returned to The Child Center, Inc., or destroyed with an accompanying certification in accordance with Mo. Rev. Stat. § 510.035.

**IT IS FURTHER ORDERED** that plaintiffs' motion for a hearing [Doc. #42] is **moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 11th day of April, 2017.