UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DWAYNE FURLOW, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:16-CV-00254 JAR |
| | ) |
| JON BELMAR, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' fully briefed Motion to Compel Responses to Requests Directed at Third-Party REJIS[1] and to Reopen Deposition (Doc. No. 56).

This putative class action was filed over 18 months ago (Doc. No. 1). On June 7, 2016, the Court issued a Case Management Order: Phase I to apply to discovery of information material to the issue of class certification and to the merits of Plaintiffs' individual claims (Doc. No. 11). Discovery in this case has been ongoing for several months; to date, the Case Management Order has been amended five times (Doc. Nos. 31, 41, 47, 51, 53). Under the current Case Management Order, the deadline for completing all Phase I discovery was August 4, 2017.

With respect to the discovery Plaintiffs seek from REJIS, on December 30, 2016, Plaintiffs issued a subpoena to REJIS to testify at a deposition and produce documents[2] (Doc.

---

[1] Although Plaintiffs refer to REJIS as a third-party, REJIS has not been joined in this action.

[2] Plaintiffs requested the following documents: 1. Any and all documents providing instructions or guidance as to how Stop Orders, Wanteds, or "wanted for questioning" are to be used; 2. Any and all documents related to how Stop Orders, Wanteds, or "wanted for questioning" are entered, stored, maintained, manipulated, disposed of, or otherwise handled within Your software; 3. Any and all documents related to an explanation of the operation of any software used to collect, analyze, or store

No. 56-3). On February 3, 2017, Plaintiffs deposed Marc Meschke, then Director of Client Services for REJIS. On February 24, 2017, Plaintiffs issued a subpoena to Cindy Jennings, REJIS Training Supervisor, to testify at a deposition; the subpoena identified no documents for production. Cindy Jennings was deposed on March 30, 2017. On March 30, 2017, Plaintiffs' counsel emailed a list of 14 additional document requests to counsel for REJIS (Doc. No. 56-11); on April 2, 2017, Plaintiffs' counsel emailed three additional document requests (Doc. No. 56-12).

Plaintiffs filed the instant motion to compel on July 28, 2017, asserting that they have yet to receive any documents from REJIS in response to these 17 requests. On August 1, 2017, Plaintiffs moved to stay the Phase 1 deadlines set in the current Case Management Order pending the Court's ruling on their motion to compel (Doc. No. 58). On August 3, 2017, the Court denied Plaintiffs' motion to stay and set the motion to compel for hearing (Doc. No. 61). The Court noted the previous Case Management Order setting an August 4, 2017 discovery deadline was clear, yet Plaintiffs waited until July 28, 2017 to file their motion.

On August 10, 2017, the Court held a hearing on Plaintiffs' motion to compel. At that time, the Court denied Plaintiffs' motion as it related to their first emailed request for an electronic report (excel or csv format) of every Wanted, Stop Order, Person of Interest, and

---

information related to Stop Orders, Wanteds, or "wanted for questioning"; 4. Any and all documents related to the software used to review any data or information relating to Stop Orders, Wanteds, or "wanted for questioning," along with an archival file containing any and all Stop Orders, Wanteds, or "wanted for questioning" that have been issued by St. Louis County in the last five (5) years from 2012-2016; 5. Any and all documents reflecting agreements, arrangements, or understandings between You and any other law enforcement agencies or third parties, including St. Louis County, as to sharing, disseminating, purchasing, archiving information related to Stop Orders, Wanteds, or "wanted for questioning"; 6. Any and all documents reflecting the process by which the issuance of, evidentiary basis for, or other circumstances relating to Stop Orders, Wanteds, or "wanted for questioning" are reviewed; and 7. Any and all documents related to Stop Orders, Wanteds, or "wanted for questioning" issued by St. Louis County for the arrest of Dwayne Furlow, Ralph Torres, or Harold Liner and the identity of the persons involved in issuing, enforcing, reviewing the evidentiary and factual basis for, or terminating each such Stop Order, Wanted, or "wanted for questioning".

Temporary Wanted created by REJIS users within the St. Louis County Police Department (including some 25 data fields for each report) based on REJIS' representation that such a report does not exist. REJIS cannot be compelled to create, on Plaintiffs' request, documentary evidence which is not already in existence in some form. See Soetaert v. Kansas City Coca Cola Bottling Co., 16 F.R.D. 1, 2 (W.D. Mo. 1954)

The Court also indicated its intent to order REJIS to use their best efforts to produce to Plaintiffs, to the extent they exist, the remaining 16 documents requested in Plaintiffs' March 30, 2017 and April 2, 2017 emails as they relate to St. Louis County, or alternatively, to respond that said documents do not exist. Upon further consideration, however, only the original subpoena issued to non-party REJIS on December 30, 2016, is properly before this Court. Plaintiffs contend their March 30, 2017 and April 2, 2017 email requests are within the scope of the initial subpoena. It appears to the Court that in some instances, Plaintiffs' requests have no relationship to the initial subpoena, whereas in other instances, it remains unclear. In any event, the Court can only compel production of items identified in a properly issued subpoena or request for production of documents. The Court will order that if REJIS has any other documents responsive to the original subpoena that it has not already produced, it must produce them. While the parties have attempted to work together on production of some records in response to Plaintiffs' emails, non-party REJIS has not had an opportunity to pose a legal objection to any particular requested item for the Court's ruling. Thus, if REJIS has any legal objection, other than that the request is overly burdensome, the Court will allow REJIS to assert it.

Lastly, Plaintiffs have failed to assert a sufficient basis for reopening the Rule 30(b)(6) deposition of REJIS, and the Phase I discovery deadline has passed. The Court will therefore deny Plaintiffs' request to reopen the deposition.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Responses to Requests Directed at Third-Party REJIS and to Reopen Deposition [56] is **GRANTED** in part and **DENIED** in part in accordance with the rulings herein.

**IT IS FURTHER ORDERED** that if non-party REJIS has any legal objections to Plaintiffs' email document requests, those objections shall be asserted **no later than Wednesday, August 16, 2017.**

**IT IS FURTHER ORDERED** that if non-party REJIS has any other documents responsive to the original subpoena not heretofore produced, then REJIS shall produce then **within ten (10) days of the date of this Order**.

**IT IS FINALLY ORDERED** that Plaintiffs' motion to reopen the Rule 30(b)(6) deposition of non-party REJIS is **DENIED**.

Dated this 11th day of August, 2017.

                                                */s/ John A. Ross*
                                                **JOHN A. ROSS**
                                                **UNITED STATES DISTRICT JUDGE**