# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DWAYNE FURLOW, | ) |
| | ) |
| Plaintiff, | ) Cause Number: 4:16 cv 00254 JAR |
| | ) |
| v. | ) |
| | ) |
| JON BELMAR, et. al., | ) |
| | ) |
| Defendants. | ) |

## MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS

Come now defendants Jon Belmar, the County of St. Louis, Missouri, Officer Kevin Walsh, Officer Christopher Partin and Detective Laura Clements, pursuant to Fed. R. C. P. 56 and move for summary judgment on all pending claims and as grounds therefore state there is no genuine dispute with regard to material facts, and these defendants are entitled to judgment as a matter of law. In support defendants state as follows:

1. With regard to the claims filed by Dwayne Furlow, defendants Christopher Partin and Kevin Walsh did not violate the constitution. They each had probable cause to arrest plaintiff. In addition they are shielded from liability under the doctrine of Qualified Immunity. They each followed policy. Reasonable officers would believe the conduct to be lawful in light of clearly established precedent In addition with regard to the claim filed against Officer Kevin Walsh, the plaintiff, during his deposition invoked his 5th Amendment right not to incriminate himself and so the issues pertaining to his claims against Walsh should be dismissed.

1

2. With regard to the claims filed by Ralph Torres, defendant Detective Laura Clements did not violate the constitution. There was probable cause for his arrest. In addition Det. Clements is shielded from liability under the doctrine of Qualified Immunity. All of her actions were reasonable in light of clearly established precedent.

3. With regard to the claims filed by Howard Liner, two claims were abandoned during his deposition when his attorney advised him not to any questions regarding those claims and further indicated that they would no longer be relying on those allegations. He did not sue a police officer individually, but there are no facts in dispute and his constitutional rights were not violated by the officer who issued a wanted for him. There was probable cause for his arrest. Further there was no policy or practice or custom of St. Louis County that caused him to suffer any alleged constitutional injury.

4. With regard to all claims of plaintiffs against St. Louis County, there were no underlying constitutional violations. Further warrantless arrests are permitted when there is probable cause to believe a suspect committed a crime. The policy, practice, custom and usage of St. Louis County is that arrests can only be made with probable cause. Stopping someone on a wanted is viewed as an arrest; it can only be done with probable cause, and with each of the plaintiffs there was probable cause. Once someone is taken into custody the policy, practice, custom and usage of St. Louis County is to apply for a warrant as soon as is reasonable, and if a warrant is not obtained, then the person is released, before 24 hours, and the person is not held longer than 24 hours. The only time that a person might be held the full 24 hours without actively applying for a warrant is in a domestic violence case but that is done only to protect the victim in dangerous situations, and not because of ill will and not to punish the abuser. The Missouri Supreme Court has

2. With regard to the claims filed by Ralph Torres, defendant Detective Laura Clements did not violate the constitution. There was probable cause for his arrest. In addition Det. Clements is shielded from liability under the doctrine of Qualified Immunity. All of her actions were reasonable in light of clearly established precedent.

3. With regard to the claims filed by Howard Liner, two claims were abandoned during his deposition when his attorney advised him not to any questions regarding those claims and further indicated that they would no longer be relying on those allegations. He did not sue a police officer individually, but there are no facts in dispute and his constitutional rights were not violated by the officer who issued a wanted for him. There was probable cause for his arrest. Further there was no policy or practice or custom of St. Louis County that caused him to suffer any alleged constitutional injury.

4. With regard to all claims of plaintiffs against St. Louis County, there were no underlying constitutional violations. Further warrantless arrests are permitted when there is probable cause to believe a suspect committed a crime. The policy, practice, custom and usage of St. Louis County is that arrests can only be made with probable cause. Stopping someone on a wanted is viewed as an arrest; it can only be done with probable cause, and with each of the plaintiffs there was probable cause. Once someone is taken into custody the policy, practice, custom and usage of St. Louis County is to apply for a warrant as soon as is reasonable, and if a warrant is not obtained, then the person is released, before 24 hours, and the person is not held longer than 24 hours. The only time that a person might be held the full 24 hours without actively applying for a warrant is in a domestic violence case but that is done only to protect the victim in dangerous situations, and not because of ill will and not to punish the abuser. The Missouri Supreme Court has

recognized domestic violence as a valid reason for holding an alleged abuser for the full amount of time allowed by Section 544.170, R. S. Mo. The only plaintiff who was held pursuant to Section 544.170 is Dwayne Furlow, who was held the entire 24 hour period after there was probable cause to believe that he beat up his wife and it was also learned that he was a convicted felon in possession of an AR 15 rifle. Then when he was asked about this very dangerous situation in his deposition he refused to answer questions, invoking the 5th Amendment right not to incriminate himself. So his claim should be dismissed for that additional reason.

5. With regard to the claims of plaintiffs against defendant Chief of Police Jon Belmar, a supervisor cannot be liable where there is no underlying constitutional violation, there is no personal involvement, the training and supervision of the police department is constitutional. There is no evidence of deliberate indifference, and the police department is CALEA certified, which certification is an indication of the valid policies, practices and procedures.

6. Regarding any claims for punitive damages against Christopher Partin, Kevin Walsh, and Laura Clements, the exhaustive statement of facts from the depositions of the parties and these individuals indicate not only that there no underlying constitutional violations but that there was no evil motive or intent or callous disregard for constitutional rights, and so summary judgment is appropriate as a matter of law. Further, by plaintiff's own pleadings, these police officers acted pursuant to the policies and practices of the St. Louis County police department.

7. Governmental agencies are immune from punitive damages under 42 U. S. C.1983. Since Jon Belmar is sued in his official capacity, which is a suit against the governmental agency, he also is immune from punitive damages. .

8. With regard to Count I, Officer Christopher Partin is specifically excluded as a defendant, and so there is no claim alleged against him in Count I.

9. With regard to Count II, the alleged "retaliation" for invoking their "Fifth Amendment Rights" the facts demonstrate that Dwayne Furlow in person and in the presence of his attorney invoked his Fifth Amendment right not to incriminate himself after which Officer Partin issued Mr. Furlow a summons to appear in Court, and so there is no claim of retalilation against Officer Partin in Count II. With regard Mr. Furlow's claim of retaliation against Officer Walsh, there are no facts indicating that Mr. Furlow in the physical presence of Officer Walsh, invoked his Fifth Amendment right not to incriminate himself, and so there can be no claim of retaliation for invoking the 5th Amendment. With regard to Count II allegation involving plaintiff Liner, there are no facts indicating that he invoked the Fifth Amendment after which an officer retaliated. Rather the undisputed facts are that Officer Schlueter gave the Miranda warning advising Mr. Liner of his right not to make a statement, but Mr. Liner waived his right to remain silent, gave a statement, after which Officer Schlueter ordered that Mr. Liner be released from custody. With regard to the claim that Ralph Torres invoked the 5th Amendment after which he was arrested, there are no facts to support that claim, but rather he invoked his 5th Amendment right while already custody.

10. This motion for summary judgment is being made on all claims for final disposition of this lawsuit. Since the claims of all of the individual plaintiffs should be dismissed, there is no reason to have a class certification.

Pursuant to Rule 7-4.01 (A) of the Rules of the United States District Court for the Eastern District of Missouri, these defendants are filing a Memorandum of Law in Support of this Motion for Summary Judgment with relevant argument and citations. In addition, pursuant to Rule 7-4.01 (E) these defendants are attaching to that Memorandum Defendants' Statement of Uncontroverted Material Facts. In addition, defendants are filing Exhibit A, the deposition of Dwayne Furlow, Exhibit B, the Deposition of Ralph Torres, Exhibit C, the Deposition of Hoawrd Liner, Exhibit D, the deposition of Christopher Partin, Exhibit E, the Deposition of Kevin Walsh, Exhibit F, the Deposition of Laura Clements, Exhibit G, the Deposition of Edward Schlueter, Exhibit H, the Deposition of Patrick Monahan, Exhibit I, the Deposition of Juan "Francis" Gomez, Exhibit J, the Deposition of Jeff Burk, Exhibit K, the Declaration/Affirmation of Jon Belmar, and Exhibit L, the record of the recent felony conviction of Dwayne Furlow for felon in possession of an assault weapon. All of these exhibits are incorporated by reference.

Defendants incorporate by reference their Statement of Uncontroverted Facts.

Defendants incorporate by reference, all grounds asserted in their Memorandum of Law in Support of his Motion for Summary Judgment.

                Respectfully Submitted,

                PETER J. KRANE
                COUNTY COUNSELOR

                /s/ Michael E. Hughes
                Michael E. Hughes   #23360MO
                Associate County Counselor
                Mhughes2@stlouisco.com

41 So. Central Avenue, 9th Floor
Clayton, MO. 63105
314-615-7009; Fax 314-615-3732
Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served electronically to all counsel of record via this Court's Electronic Filing System this 25th day of August 2017

/s/ Michael E. Hughes